IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

U.S. BANK NATIONAL ASSOCIATION,

      Plaintiff,                                No. CIV S-09-2333 MCE EFB PS

      vs.

NICOLAS VAZQUEZ and
PETRA PENA,

      Defendants.                   FINDINGS AND RECOMMENDATIONS

      On August 21, 2009, defendants, proceeding pro se, filed a notice of removal of this unlawful detainer action from the Superior Court of the State of California for Sacramento County, and motions to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This case is before the undersigned in accordance with 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 72-302(c)(21).

      The court has an independent duty to ascertain its jurisdiction and may remand sua sponte for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). As

1

explained below, defendants have failed to meet their burden.

Defendants' notice of removal is predicated upon the court's diversity jurisdiction. *See* 28 U.S.C. § 1332. Diversity jurisdiction requires complete diversity of citizenship among the parties, as well as a minimum amount in controversy of over $75,000. *See* 28 U.S.C. § 1332. Defendants' notice of removal fails to establish either of those requirements.

Although the notice of removal states that defendants "are private citizens living in Northern California," the notice does not identify defendants' citizenship and therefore does not establish that there is complete diversity among the parties.[1] Dckt. No. 1, at 3. Residence and citizenship are different things, *see Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001), and allegations of residence are not sufficient allegations of citizenship for diversity jurisdiction. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 824 (9th Cir. 2002).

The notice of removal also does not establish that the amount in controversy in this action exceeds $75,000. The notice of removal is silent as to the amount in controversy, and the complaint attached to the notice of removal specifically states that the "[a]mount demanded does not exceed $10,000." Dckt. No. 1, at 22. "Since 'it [was] not facially evident from the complaint that more than $75,000 [was] in controversy,' [defendants] should have 'prove[n], by a preponderance of the evidence, that the amount in controversy [met] the jurisdictional threshold.'" *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (quoting *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1909 (9th Cir. 2003)). Here, not only did defendants fail to submit proof that the $75,000 threshold is met, but they failed to even assert that it is. Therefore, they have not met their burden.

Because the defendants have not adequately established that there is complete diversity among the parties or that the amount in controversy exceeds $75,000, the court lacks subject

---

[1] Additionally, if defendants are citizens of California, then removal would be improper under 28 U.S.C. § 1441(b), which provides that diversity "action[s] shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

matter jurisdiction and must remand the case.[2] *See* 28 U.S.C. § 1447(c).

Accordingly, IT IS RECOMMENDED that the above-captioned case be REMANDED to the Superior Court of the State of California in and for the County of Sacramento.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

SO ORDERED.

Dated:  September 30, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] The notice of removal was also untimely, since defendants were served with the summons on June 18, 2009, and indicate that they were "served with an order to answer the complaint on or about June 22, 2009," but did not file a notice of removal until August 21, 2009. Dckt. No. 1, at 2, 18.  "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."  28 U.S.C. § 1446(b).